JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Teresita Totaan Hunt

## DEFENDANTS
UNCLE Credit Union

**(b)** County of Residence of First Listed Plaintiff: Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pieter Bogaards, Esq. (SBN 107803)
Bogaards Law Offices
205 Camino Alto, Ste. 130
Mill Valley, CA 94941    415.381-5002

Attorneys (If Known)



## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury — Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | [x] 442 Employment | **Habeas Corpus:** | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS — Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | **IMMIGRATION** | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | 463 Habeas Corpus - Alien Detainee | | |
| | | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12111, et seq., 29 USC 621 - 634, Civil Rights Act of 1964 (Title VII)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".  None

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: July 18, 2008

SIGNATURE OF ATTORNEY OF RECORD

PIETER BOGAARDS (#107803)
BOGAARDS LAW OFFICES
205 Camino Alto
Mill Valley
(415) 381-5002
FAX (415) 381-5009

Attorney for
Teresita T. Hunt

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERESITA TOTAAN HUNT,

    Plaintiff,

vs.

UNCLE CREDIT UNION,

    Defendant.

Case No. CV 08 3475

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, RETALIATION, VIOLATION OF PUBLIC POLICY AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

## I. NATURE OF THE ACTION

1. This is an action under, inter alia, California Government Code §§ 12900, et seq. ("FEHA"), Title I of the Americans with Disabilities Act of 1990, 42 USC 12111, et seq. ("ADA"), the Age Discrimination in Employment Act of 1967 (29 USC §§ 621-634) ("ADEA"), the Civil Rights Act of 1964 ("Title VII") and various state claims, to correct unlawful employment practices on the basis of disability, perceived disability and age, and violation of contract, and to make whole plaintiff Teresita Totaan Hunt ('Plaintiff').

2. On or about January 11, 2007 UNCLE Credit Union ("Defendant") terminated Plaintiff, a qualified individual with a real and perceived disability and over the age of 40.

3. Defendant treated Plaintiff as a person significantly restricted in the ability to perform a class of jobs and/or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.

4. Plaintiff does have a disability of vesticular disorder (the "Disability") but not of a sufficient

COMPLAINT      -1-

1 degree to prevent his performing the essential functions of her job.

2  5. Plaintiff's physical Disability did substantially limit her major life activities but was further treated by Defendant as constituting an even greater limitation and/or which more substantially limited Plaintiff's major life activities than it actually did, only as a result of the attitudes of Defendant toward her Disability.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to Title I of the ADA, 42 USC 12111, et seq., and Title V, Section 503 of the Act, 42 USC 12203. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of California.

7. This is an action based upon Plaintiff's employment discrimination claims against Defendant, which arise under the California Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§12900, et seq.

8. Defendant is an entity covered by the FEHA in that Defendant is an Defendant who regularly employs five or more persons.

## III. ADMINISTRATIVE PREREQUISITES

9. Plaintiff dual filed charges against Defendant with the California Department of Fair Employment & Housing ("DFEH") on July 30, 2007, charging the Defendant with discriminating against Plaintiff on the basis of disability and age. The complaint was co-filed with the Equal Employment Opportunity Commission ("EEOC") for investigation pursuant to the work/share arrangement between the DFEH and the EEOC.

10. The Charge was filed within 300 days of the discriminatory event.

11. On May 19, 2008 Plaintiff received a Notice of Case Closure (Right to Sue) from the DFEH, informing her that she had one year to file a civil action.

12. On April 21, 2008 the EEOC sent a Dismissal and Notice of Rights (Right to Sue) letter to Plaintiff informing her that she had 90 days form receipt of the notice to file a civil action.

13. At all relevant times, Defendant has been and is now a California corporation, and has

**COMPLAINT**                                                     -2-

continuously had and does now have at least twenty-five (25) employees. Plaintiff was an employee of the Defendant, working as a Branch Manager in Defendant's Dublin branch in Alameda County, California.

14. At all relevant times, Defendant has been a covered entity under, inter alia, Section 101(2) of the ADA, 42 USCA § 12111(2).

## IV. PARTIES

15. Plaintiff is an adult person over the age of 40 and lives in the County of Alameda, State of California.

16. Defendant is incorporated in the State of Calfornia and conducts business in the County of Alameda.

17. The unlawful employment practices complained of herein occurred in California.

18. Plaintiff is, and at all relevant times alleged herein was, a person with a disability, or who was regarded as having a disability.

19. Defendant treated Plaintiff as a person significantly restricted in the ability to perform a class of jobs and/or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.

20. Plaintiff was able to perform the essential functions of her job and thus is a member of a class of persons protected by the FEHA from employment discrimination on the basis of her disability and/or perceived disability.

## IV. STATEMENT OF CLAIMS

21. All conditions precedent to the institution of this lawsuit have been fulfilled.

22. Since at least January 11, 2007, Defendant engaged in unlawful employment practices in violation of ADA, ADEA, FEHA, and Title VII in Alameda County, California.

23. These practices include but are not limited to Defendant's termination of Plaintiff as a Branch Manager at Defendant's Dublin branch and contemporaneous hiring of a younger, less qualified employee without a disability for a Branch Manager position at Defendant's Pleasanton branch. Plaintiff has previously been the Branch Manager at the Pleasanton branch.

COMPLAINT                                      -3-

24. Plaintiff's physical Disability did substantially limit her major life activities but was treated by Defendant as constituting an even greater limitation on Plaintiff's major life activities only as a result of the attitudes of Defendant toward her Disability.

25. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her being regarded as having a disability.

26. The unlawful employment practices complained of above were and are intentional.

27. The Time Line for the relevant events in this case are:

   a. 9/6/88 - Plaintiff began working for Defendant. Plaintiff was the manager or the Defendant's Pleasanton Branch before becoming manager of Defendant's Dublin Branch. She receives regular promotions and exceptional performance evaluations and it assured that her position with Defendant is secure and that her seniority will provide further job security and preference for jobs within Defendant's operations.

   b. 1/29/04 Plaintiff had an illness which resulted in complete loss of hearing in her left ear. The virus also compromised her Vestibular Nerve. As a result, Plaintiff has a disability referred to as Vestibular Disorder which resulted in nausea, dizziness and extreme fatigue as the day progresses. Plaintiff's doctor limited her work hours to an 8-hour day, 40 hours a week, with recommended hours 7:00 a.m. to 4:00 p.m.

   c. Initially Defendant accommodated Plaintiff's need for the adjusted work schedule, as she was able to always balance her vault before she left for the day. However in 2006 she began to be pressured to change her work hours to 8:00 a.m. to 5:00 p.m., and Defendant tried to retract is accommodation of Plaintiff's disability.

   d. In or about 2006, prior to September, Defendant made the decision to close the Dublin branch because it was the least profitable of its locations. Plaintiff was not informed that her branch was being considered for closure.

   e. 9/06 -- Pleasanton Branch Manager position was announced. The position was not offered to Plaintiff, who was also not informed that her branch would be closed. The failure to inform Plaintiff was a deliberate attempt to prevent her from applying for the

**COMPLAINT**                                              -4-

      position for which she was best qualified.

    f.   11/01/06 – Serena, Plaintiff's significantly younger, lower salaried and non-disabled lead assistant was assigned to Pleasanton as Interim Branch Manager. 90-day probation.

    g.   12/22/06 - Serena was offered the Pleasanton Branch Manager position.

    h.   12/27/06 - Defendant claims that this date, just five days after Serena was offered the Pleasanton Branch Manager position, was the date it determined to close the Dublin branch.

    i.   12/30/06 Plaintiff spoke to Wendy Zanotelli, a Senior Vice President for Defendant ("Zanotelli"), who informed Plaintiff that the Executives had decided on 12/27/06 to close the Dublin branch permanently effective 12/30/06. Plaintiff was temporarily assigned to the Pleasanton branch.

    j.   1/02/07 Plaintiff reported to the Pleasanton branch.

    k.   1/05/07 Plaintiff had a meeting with Zanotelli and her supervisor, Dree Johnson, at 3:00pm at Defendant's Main office. Zanotelli stated, *"There is not an open position for a branch manager in the credit union."* Plaintiff informed Zanotelli that the Pleasanton branch was her first home as a Branch Manager for over 5 years prior to her transfer to manage the "new" Dublin office in October 2001; and that she was more qualified for the manager's position since she had more experience, knowledge and years with UNCLE when compared with Serena.

    l.   1/11/07 Plaintiff's employment with Defendant was terminated.

28.   Plaintiff is informed and believes, and thereon alleges, that Defendant failed to inform her that her branch, the Dublin branch, was to be closed in order to prevent her from applying for the manager position for the Pleasanton branch, since Plaintiff had more seniority, greater experience and was a superior candidate for that position and had been promised, during her eighteen years of exemplary service, preference in job positions within Defendant's operations.

29.   Defendant wanted to provide the position to a younger, lower salaried, and non-disabled

**COMPLAINT**         -5-

employee and be able to terminate the employment of Plaintiff due to her age, disability, and what Defendant regarded her disability to be.

### COUNT ONE
### (Wrongful Discharge - Breach of Contract)

30. Plaintiff incorporates by reference all the allegations contained in the Statement of Claims of the complaint.

31. During the entire course of Plaintiff's employment with Defendant, an implied and express employment agreement, which was both oral and written, including the Contract, existed between Plaintiff and Defendant, which, at the time of Plaintiff's termination, included, that she would be given preference for positions based on her seniority and be provided with a position of comparable pay in the event that her position was eliminated.

32. This implied and express employment agreement was evidenced by various oral and written representations made to Plaintiff by agents and/or employees of Defendant.

33. If Defendant had not made such representations and assurances, Plaintiff would not have remained in employment with Defendant for twenty years.

34. Plaintiff relied upon the aforementioned conduct of Defendant with the reasonable expectation of continued employment. Such reliance upon said representations and actions of Defendant was reasonable, and reasonably lead Plaintiff to believe that her employment with Defendant was secure.

35. At all times herein relevant, Plaintiff continued to properly perform her functions pursuant to the implied and express employment agreement throughout her employment with Defendant, except when he was prevented from performing any of said functions by the actions of the management of Defendant.

36. At all times relevant to this action, Plaintiff had been ready, willing and able to satisfactorily perform all appropriate functions imposed upon her as a consequence of her employment with Defendant, and Plaintiff had satisfactorily performed all of her obligations. However, notwithstanding her performance, Defendant discharged Plaintiff wrongfully, in violation of the Contract and its own policies and procedures.

**COMPLAINT**   -6-

37. Plaintiff is further informed and believes, and based upon such information and belief, alleges that the real reason for Plaintiff's termination was, in part, her age and disability, and Defendant's perception of Plaintiff as disabled.

38. Said actions of Defendants, as set forth above, constituted a breach of the implied and express employment agreement.

39. As a proximate and actual result of Defendant's wrongful discharge of Plaintiff and failure to perform in accordance with the terms of the employment agreement, Plaintiff has been damaged in an unknown amount. Plaintiff has lost income and other benefits promised by Defendant. The total sum of such losses exceed the minimal jurisdictional limits of this court. The exact sum of said losses will be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT TWO
### (Breach of the Covenant of Good Faith and Fair Dealing)

40. Plaintiff incorporates by reference all the allegations contained in the Statement of Claims and the First Count of the complaint.

41. Plaintiff's employment agreement included an implied covenant of good faith and fair dealing which obliged Defendant to cooperate with the Plaintiff and refrain from doing any act which would prevent her from performing under the agreement and/or obtaining the benefits of the agreement.

42. Defendants' actions toward Plaintiff, as alleged above, including its wrongful termination of her employment and failure to provide her with a position with comparable pay and preference in employment opportunities constituted a breach of the covenant of good faith and fair dealing in her employment agreement.

43. As a proximate and actual result of Defendants' breach of the employment agreement, as alleged herein, Plaintiff has been damaged in an unknown amount. Plaintiff has lost income and other benefits promised by Defendants, and suffered other compensatory damages. The total sum of such losses exceed the minimal jurisdictional limits of this court. The exact sum of said losses will be proven at the time of trial.

COMPLAINT                                -7-

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT THREE
### (State Disability Discrimination: Disability)

44. Plaintiff incorporates by reference all the allegations contained in the Statement of Claims and the First and Second Counts of the complaint.

45. Plaintiff is informed and believes, and thereon alleges, that Defendant has intentionally discriminated against Plaintiff because of her disability and/or perceived disability, in violation of the FEHA.

46. Plaintiff was regarded or treated by Defendant as having, or having had, a physical condition that made achievement of a major life activity difficult, and/or Defendant regarded or treated Plaintiff as having, or having had, a condition, anatomical loss, or health impairment that had no present disabling effect but might become a physical disability that would impair a major life activity.

47. This action was timely filed.

48. By this action, Plaintiff seeks monetary relief including back pay, front pay, lost retirement benefits and other compensatory damages; attorneys' fees and costs of suit under the applicable state statutes; and punitive damages.

49. Plaintiff is informed and believes that Defendants have apparently treated non-disabled employees, and those they did not regard as disabled, differently and/or would not have performed as herein alleged if she had not been disabled and/or been regarded as disabled by Defendant.

50. Defendant's ongoing and discriminatory actions against Plaintiff, as alleged above, constitute unlawful discrimination in employment on account of disability and/or perceived disability in violation of Gov. Code §§ 12900, et seq.

51. As a proximate and actual result of Defendant's acts as alleged herein, Plaintiff has been damaged in an unknown amount. Plaintiff has lost income and other benefits promised by Defendant. The total sum of such losses exceed the minimal jurisdictional limits of this court. The exact sum of said losses will be proven at the time of trial.

**COMPLAINT** -8-

52. Plaintiff has and shall continue to suffer pecuniary losses, and has suffered emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses as shall be proven at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT FOUR
### (ADA & Title VII: Federal Disability Discrimination)

53. Plaintiff incorporates by reference all the allegations contained in the Statement of Claims and Counts One through Three in the complaint.

54. Defendants violated this statute as herein alleged due to her Disability and regarding her as having a disability that barred her from performing the essential functions of her job.

55. Defendant treated Plaintiff as a person significantly restricted in the ability to perform a class of jobs and/or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. Based on Defendant imposed limitations on Plaintiff, as herein alleged, Plaintiff would not have been able to perform any position in the Alameda area, for any employer, based on Plaintiff's training, skills and abilities

56. As a proximate and actual result of Defendant's acts as alleged herein, Plaintiff has been damaged in an unknown amount. Plaintiff has lost income and other benefits promised by Defendant. The total sum of such losses exceed the minimal jurisdictional limits of this court. The exact sum of said losses will be proven at the time of trial. Plaintiff has and shall continue to suffer pecuniary losses, and has suffered emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses as shall be proven at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT FIVE
### (Failure to Accommodate Disability (Govt. Code §12940(m))

59. Plaintiff re-alleges and incorporates herein by reference the Statement of Claims and the First through Fouth Counts of the complaint.

60. Government Code §12940(m) provides that it is unlawful for an employer to fail to make

COMPLAINT                                -9-

1  reasonable accommodation for the known physical disability of an employee.

61. Defendants sought to retract its reasonable accommodation for Plaintiff's known Disability as herein alleged, and, instead denied Plaintiff the benefits of her employment relationship, as herein alleged.

62. As a proximate result of the wrongful conduct of Defendant Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

63. As a proximate result of the wrongful conduct of Defendant Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

64. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

65. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial..

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT SIX
### (Failure to Engage in the Interactive Process (Govt. Code §12940(n))

66. Plaintiff re-alleges and incorporates herein by reference the Statement of Claims and the First through Fifth Counts.

67. Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

68. Defendants failed to engage is a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known Disability and, instead retracted its reasonable accommodation and denied her the benefits of the employment relationship, as herein alleged.

69. As a proximate result of the wrongful conduct of Defendant Plaintiff has suffered and

COMPLAINT                                    -10-

continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

70. As a proximate result of the wrongful conduct of Defendant Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

71. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

72. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT SEVEN
### (FEHA: Age Discrimination)

57. Plaintiff incorporates by reference all the allegations contained in the Statement of Claims and the First through Sixth Counts in the complaint.

58. Plaintiff is, and at all relevant times alleged herein was, a person over the age of 40 and thus is a member of a class of persons protected by the FEHA from employment discrimination on the basis of her age.

59. Plaintiff is informed and believes, and thereon alleges, that Defendant has intentionally discriminated against Plaintiff because of her age, in violation of the FEHA, as herein alleged.

60. By this action, Plaintiff seeks monetary relief including back pay, front pay, lost retirement benefits and other compensatory damages; attorneys' fees and costs of suit under the applicable state statutes; and punitive damages.

61. Defendant's ongoing and discriminatory actions against Plaintiff, as alleged above, constitute unlawful discrimination in employment on account of age in violation of Gov. Code §§ 12900, et seq.

62. The above-recited actions of Defendant were done with malice, fraud, or oppression, and

COMPLAINT                                -11-

in reckless disregard of Plaintiff's rights under the FEHA. Defendant's conduct warrants the assessment of punitive damages in an amount sufficient to punish Defendant and deter others from engaging in similar misconduct.

63. As a proximate and actual result of Defendant's acts as alleged herein, Plaintiff has been damaged in an unknown amount. Plaintiff has lost income and other benefits promised by Defendant. The total sum of such losses exceed the minimal jurisdictional limits of this court. The exact sum of said losses will be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT EIGHT
### (ADEA, Title VII: Age Discrimination)

64. Plaintiff incorporates by reference all the allegations contained in the Statement of Claims and the First through Seventh Counts of the complaint.

65. This is an action based upon Plaintiff's employment discrimination claims against Defendants, which arise under the The Age Discrimination in Employment Act of 1967 (29 USC §§ 621–634) ("ADEA") is part of a statutory scheme protecting employees against discrimination in the workplace nationwide. Other parts of this scheme include the Civil Rights Act of 1964 ("Title VII").

66. Plaintiff is informed and believes, and thereon alleges, that Defendant has intentionally discriminated against Plaintiff because of her age, in violation of the ADEA and Title VII, as herein alleged.

67. By this action, Plaintiff seeks monetary relief including back pay, front pay, lost retirement benefits and other compensatory damages; attorneys' fees and costs of suit under the applicable state statutes; and punitive damages.

68. Plaintiff is informed and believes that Defendant has apparently treated younger employees differently.

69. The above-recited actions of Defendant were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the ADEA and Title VII. Defendant's conduct warrants the assessment of punitive damages in an amount sufficient to punish

**COMPLAINT** -12-

1  Defendant and deter others from engaging in similar misconduct.

70. As a proximate and actual result of Defendant's acts as alleged herein, Plaintiff has been damaged in an unknown amount. Plaintiff has lost income and other benefits promised by Defendant. The total sum of such losses exceed the minimal jurisdictional limits of this court. The exact sum of said losses will be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT NINE
### (Retaliation in violation of ADA, ADEA, Title VII and FEHA)

52. Plaintiff re-alleges and incorporates herein by reference the Statement of Claims and the First through Eighth Counts of the complaint..

53. During her employment, Plaintiff engaged in the following legally protected activities:

   a. Requested accommodation for her disability;

   b. Requested time off as accommodation of her disability;

   c. Objected when Defendant sought to retract the work schedule accommodation and require her to work to 5:00 p.m. on a regular basis..

54. Defendants failed to provide Plaintiff with the employment benefits as herein alleged.

55. Plaintiff's protected activities were motivating factors for Defendants' decision to deny Plaintiff her employment benefits as herein alleged, and Defendant denied Plaintiff the statutory protections as herein alleged in retaliation for her protected activities, in further violation of the anti-retaliation of ADEA, ADA, FEHA and Title VII.

56. As a proximate result of the wrongful conduct of Defendant Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

57. As a proximate result of the wrongful conduct of Defendant Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount according to proof at the time of trial.

58. In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive

COMPLAINT                                    -13-

damages according to proof at the time of trial..

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT TEN
### (Retaliation and Discrimination in Violation of Public Policy)

71. Plaintiffs refer to and incorporate herein the Statement of Claims and the First through Ninth Counts of this complaint.

72. During her employment, Plaintiff objected to Defendants actions as herein alleged based on her age and Disability, in violation of the FEHA, Title VII, ADEA and ADA, which express fundamental public policies regarding the treatment of employees in employment and against age and disability discrimination.

73. Plaintiffs reasonably believed that Defendants were violating the age and disability discrimination prohibitions of the FEHA, Title VII, ADA and the ADEA and reported these violations to Defendant.

74. Defendants retaliated against Plaintiff for objecting to Defendant's violation of laws and the California Constitution as herein alleged. Plaintiff was treated adversely in her employment by Defendants on account of Plaintiffs' intent not to waive her rights under the FEHA, Title VII, ADA, ADEA and other laws.

75. Defendants' retaliation and discrimination against Plaintiff due to objecting to violations of state and federal laws violates public policy. *Badih v. Myers* (1995) 36 Cal.App.4th 1289, 43 Cal.Rptr.2d 229.

76. As a proximate result of Defendant's conduct, Plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, mental anguish, and other damages to be established at trial.

77. In doing the acts set forth above, Defendants knew that their conduct was unlawful Notwithstanding this knowledge, Defendants despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights by retaliating against her as described above. Defendants' conduct warrants the assessment of punitive damages.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

COMPLAINT -14-

## COUNT ELEVEN
### (Intentional Infliction of Emotional Distress)

78. Plaintiff incorporates by reference all the allegations contained in the Statement of Claims and the First through Tenth Counts of the complaint.

79. The conduct set forth above was extreme and outrageous, and constitutes an abuse of the authority and position of Defendants. The conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress.

80. Defendants' conduct did, in fact, cause Plaintiff to suffer severe emotional distress. As a proximate result of said conduct, Plaintiff has suffered pain, discomfort, anxiety, humiliation and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

81. Defendants' conduct was oppressive, malicious, fraudulent, and done in conscious disregard of Plaintiff's rights, and justifies an award of punitive damages  The total sum of such losses exceed the minimal jurisdictional limits of this court. The exact sum of said losses will be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

**Age and Disability Discrimination, Failure to Accommodate, Failure to Engage in Interactive Process and Retaliation Counts:**

1. Grant a permanent injunction enjoining Defendant, its officers, management personnel, employees, agents; enjoining Defendant, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of age and disability.

2. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities to older and qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment

COMPLAINT                                    -15-

1 practices;

2  3. Order Defendant to make whole Plaintiff by providing her with appropriate back pay and front pay to compensate for lost earnings with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

4. Order Defendant to make whole Plaintiff by providing compensation for pecuniary losses, including, but not limited to costs of seeking new employment, in amounts to be determined at trial;

5. Order Defendant to make whole Plaintiff by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial;

6. Reinstatement;

7. Grant such further relief as the Court deems necessary and proper; and

8. Grant Plaintiff her costs in this action and for reasonable attorneys' fees, cost and expenses pursuant to Government Code § 12965(b) and 42 U.S.C. § 12205.

**Breach of Contract and Covenant of Good Faith and Fair Dealing Counts:**

1. For economic damages including losses incurred in seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, lost investment earnings, together with other economic losses, in an amount according to proof;

2. For an award of interest, including prejudgment interest under Civil Code § 3287, at the legal rate;

3. For costs of suit and reasonable attorneys fees incurred herein; and

4. For such other and further relief as the court may deem just and proper.

**Intentional Infliction of Emotional Distress and Public Policy:**

1. For economic damages including losses incurred in seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, lost investment earnings, together with other economic losses, in an amount according to proof;

2. For an award of interest, including prejudgment interest under Civil Code § 3287, at the

**COMPLAINT** -16-

legal rate;

3. For an award of compensatory damages, including lost income, mental and emotional distress, and other general and special damages according to proof;

4. For compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress in an amount according to proof;

5. For damages to reputation in an amount according to proof;

6. For costs of suit and reasonable attorneys fees incurred herein; and

7. For an award of punitive damages;

8. For such other and further relief as the court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Dated: July 18, 2008         LAW OFFICES OF PIETER BOGAARDS


By:  _____
     PIETER BOGAARDS, ESQ.
     Attorney for Plaintiff Tessie Hunt

**COMPLAINT**                    -17-